# McNally & Associates, L.L.C.
Attorneys at Law

Stephen B. McNally                                                                                                       Newark, NJ
                                                                                                                                              New York, NY

93 Main Street, Suite 201
Newton, New Jersey 07860
Phone: (973) 300-4260
Fax: (973) 300-4264
email:steve@mcnallylawllc.com

July 27, 2021

**By ECF**

Honorable Vincent F. Papalia
United States Bankruptcy Judge
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

        Re:     Antonia G. Benitez, Debtor
                    Chapter 13 Case No. 21-11314 (VFP)
                    Antonia G. Benitez v. Guadalupe Fressie
                    Adversary Pro. No. 21-1313 (VFP)
                    Property Address: 405 Main Street #2, Paterson, New Jersey
                    Hearing Date: August 19, 2021 at 10:00am

Dear Judge Papalia:

       We represent Guadalupe Fressie, the defendant in the referenced adversary proceeding ("Mrs. Fressie"). Please accept this correspondence in lieu of a more formal memorandum in support of Mrs. Fressie's motion to dismiss the adversary proceeding (the "Motion") filed on behalf of Antonia G. Benitez (the "Debtor").

       **A.**     **Undisputed Facts**

       The Debtor's adversary proceeding seeks to recover title to 405 Main Street, Unit #2, Paterson, New Jersey (the "Property").

       In 2014, 2015 and 2016, Mrs. Fressie acquired tax sale certificates from the Tax Collector for the City of Paterson representing real property taxes and other lienable municipal charges against the Property. Complaint, ¶¶ 8, 9 and 10.

       On December 5, 2018, Mrs. Fressie filed a complaint in the Superior Court of New Jersey under docket number SWC-F-2400-18 seeking to foreclose the Debtor's right of redemption of

and to confirm Mrs. Fressie's fee simple title in and to the Premises (the "Tax Lien Foreclosure"). Complaint ¶ 11.

Mrs. Fressie now holds title to the Property by virtue of a Final Judgment entered on January 19, 2021 in the Tax Lien Foreclosure (the "Final Judgment"). Complaint, ¶ 15. A copy of the Final Judgment is attached as Exhibit "A" to the Certification of Guadalupe Fressie in Support of Motion to Dismiss Complaint filed herewith (the "Fressie Cert.").

The Debtor and plaintiff herein filed its petition for relief on February 17, 2021 (the "Filing Date"), which was 29 days after the entry of the Final Judgment.

In this adversary proceeding, the Debtor seeks to recover title to the Property as a preference in accordance with 11 U.S.C. § 547 as well as a fraudulent transfer in accordance with 11 U.S.C. § 548. The Complaint contains no other requests for relief.

### B.     There are No Disputed Facts

Other than the fact that the Debtor scheduled that it owns the Property, which issue is the subject of this adversary proceeding, there are no disputed facts.

### C.     The Notice of Lis Pendens - Public Record

The Debtor pleads that the transfer of the Property took place within the ninety (90) preference period under 11 U.S.C. §547, see Complaint, ¶¶ 19, 21, 22, and within the two (2) year look back period under 11 U.S.C. § 548, see Complaint, 24, 25, 26.

Following the filing of the Foreclosure Complaint in the Tax Lien Foreclosure on December 5, 2018, Mrs. Fressie filed a Notice of Lis Pendens on December 19, 2018 with the Office of the Register of Passaic County, a recorded copy of which is attached to the Fressie Cert. as Exhibit "B." Complaint, ¶ 9.

The Notice of Lis Pendens was thus filed two years and approximately two (2) months prior to the Filing Date. Mrs. Fressie contends that recent case law establishes that the date of the filing of the Notice of Lis Pendens is the appropriate date by which to measure when a transfer of the Property took place under both 11 U.S.C. §547 and §548.

### D.     The Standard for Dismissal under F.R.B.P. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6), made applicable to the Adversary Complaint by Federal Rule of Bankruptcy Procedure 7012, provides that a motion to dismiss may be granted if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. A complaint is sufficiently pled as long as it provides the opposing party with notice of claims against it and includes "a short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations and quotations omitted). However, factual allegations "must be enough to raise the right to relief above the speculative level" and "should 'plausibly suggest[ ]' that the pleader is entitled to relief." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A claim is implausible in the context of a Rule 12(b)(6) motion to dismiss if its allegations "are too conclusory or the complaint fails to include essential facts about the elements of a claim." In re Neale, 440 B.R. 510, 518 (Bankr. W.D. Wis. 2010).

### E. Recent Decisions Impacting the Date of Transfer for Purposes of a Preference Action

Recent decisions in this district differentiate a mortgage lien foreclosure from a tax lien foreclosure, and permit adversary proceedings to reverse tax sales. See, In re Hackler, 938 F.3d 473 (3d Cir 20109); In re GGI Properties, LLC, 568 B.R. 231, 258-259 (Bankr. D.N.J. 2017); In re Berley, 492 B.R. 433 (Bankr. D.N.J. 2013). These cases distinguish long-held precedent holding that a mortgage foreclosure resolved in an public auction generates reasonably equivalent value, insulating such sales from the reach of State and Federal preference and fraudulent conveyance statutes. BFP v. Resolution Tr. Corp., 511 U.S. 531 (1994). Hackler, as a Circuit level decision, has resolved any dispute as to the availability of this remedy.

The avoidance relief afforded under these precedents has been circumscribed by Judge Poslusny's recent Polanco v. Camden decision (Adv. Pro. No. 20-1370).

Polanco v. Camden has been favorably cited in Judge Kaplan's decision in Nealy v. Ivy Holdings, LLC (adv. pro. no. 20-1038) as well as Judge Altenburg's decision in Stahlberger v. Ellison (Adv. Pro. No. 20-1627). This Court also recently followed this precedent in its decision in Lafayette v. Fressie, (Adv. Pro. 20-1481), though without issuing a written opinion.

These cases hold that the date for measuring when a transfer in a tax lien foreclosure has occurred under 11 U.S.C. §547(e) is the date of the filing of the Notice of Lis Pendens in the foreclosure case, as opposed to the date of the final judgment.

In this case, the Notice of Lis Pendens was recorded on December 19, 2018. That date is more than ninety (90) days prior to the Filing Date. Based upon Polanco, Nealy, Stahlberger and this Court's decision in Lafayette, the Debtor does not have access to the Federal preference statute (Section 547) as a basis upon which to ground an adversary proceeding to avoid the transfer of title to the Property in the Final Judgment.

### F. The Debtor Can Not Prevail in a Fraudulent Transfer Action

The Debtor has also pled its avoidance action under the federal fraudulent transfer statute, 11 U.S.C. § 548, but this does not alter the analysis.

The look back period under 11 U.S.C. §548(a)(1) is two (2) years. The Notice of Lis Pendens was recorded in this case two (2) years and approximately two (2) months prior to the Filing Date.

The Court is specifically pointed to Stahlberger, as well as the Judge's Poslusly's July 23, 2021 opinion in Actlien v. Azeglio (Adv. Pro. No. 19-2912), which joined Stahlberger in defining the date of a transfer under 11 U.S.C. § 548(d) as the date of the filing of the Notice of Lis Pendens.

This Court ruled likewise in Lafayette v. Fressie (Adv. Pro. No. 20-1481).

Based upon this precedent, the Debtor does not have access to 11 U.S.C. § 548 to seek to reverse the tax lien foreclosure of the Property.

### G. New Jersey's Fraudulent Transfer Statute Also Does Not Provide a Remedy

Mrs. Fressie acknowledges that the New Jersey's fraudulent transfer statute has a four year look back period. N.J.S.A. 25:2-31, and that the transfer based upon the filing of the Notice of Lis Pendens was within four (4) years.

But the New Jersey fraudulent transfer statute is specifically not applicable to tax lien foreclosures.

Mrs. Fressie directs the Court to In re 2435 Plainfield Avenue, Inc., 72 F.Supp 2d. 482, 388 (D.N.J. 1999) which establishes that the New Jersey fraudulent conveyance statute may not be utilized as a basis for the avoidance of a tax foreclosure sale, and further denies the application of an alternative theory of equitable avoidance under R. 4:50-1(f) of the New Jersey Court Rules:

> This Court agrees. Defendant complied with the requirements of the Tax Sale Law. The price paid by defendant is presumed adequate. The Tax Sale Law provides procedures through which an aggrieved debtor may seek to set aside a final judgment of tax foreclosure. See N.J. Stat. Ann. § 54:5-87; Morris Township v. Washington Heights Dev. Co., 137 N.J.Eq. 595, 598, 46 A.2d 45 (1946). Allowing plaintiff to proceed under an equity theory pursuant to N.J. Ct. R. 4:50-1(f) would nullify these procedures and the limits they impose, especially that language of the Tax Sale Law which modifies the UFTA and provides that tax foreclosure judgments shall not be set aside on fraudulent conveyance

grounds. See N.J. Stat. Ann. § 54:5-87; N.J. Stat. Ann. § 54:5-104.32. The Court finds that plaintiff may not proceed under an equity theory.

Further, the Debtor already has a motion pending in the Superior Court seeking relief under Rule 4:50-1, which permits the vacation of judgments under equitable circumstances. The Debtor has not raised equitable avoidance under R. 4:50-1(f) in that motion, and should be relegated to that forum for such relief, since the Debtor opted to pursue that relief in the Superior Court.

### H. Abstention, Comity, and Law of the Case

Mrs. Fressie also notes that this Court has already granted Mrs. Fressie relief from the automatic stay, adjudicating a motion in which all of these same issues were briefed and presented to the Court. An Order Vacating Stay was granted on May 6, 2021. The relief stay motion was unopposed, but the Court's ruling nevertheless remains law of the case.

This Court is further advised that the Debtor did not sit on her remedies. On April 23, 2021, before the return date of the relief stay motion, the Debtor filed her motion in the Superior Court seeking to vacate the Final Judgment under R. 4:50-1. That motion has been fully briefed, and remains pending.

At this juncture, this Court should give the Debtor a clear signal that her remedies are limited to those available in the Superior Court, and the Superior Court a signal that the Federal Court does not provide an open-ended venue for tax lien foreclosure avoidance.

### I.    Conclusion

Mrs. Fressie files the instant motion for failure of the Debtor to state a claim pursuant to Federal Bankruptcy Rule 7012, which incorporates Federal Rule of Civil Procedure 12, respectively.

In accordance with the Supreme Court's decision in Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), for a complaint to withstand a motion to dismiss, " the [f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." The Debtor can not meet this standard as to the Debtor's preference claim under 11 U.S.C. § 547.

Mrs. Fressie respectfully requests that the Court enter an order (i) dismissing the Adversary Complaint with prejudice; and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Stephen McNally

Stephen B. McNally

cc:    Brian T. Kernan, Esq. (by ECF and e-mail)
       Franklin S. Montero, Esq. (by ECF and e-mail)
       Mrs. Guadaulpe Fressie (by e-mail)